IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE, | ) | |
| | ) | No. 13-07601 |
| Ferguson Industries, Inc. | ) | |
| | ) | |
| Debtor. | ) | Hon. Judge Benjamin A. Goldgar |
| | ) | Chapter 11 |
| | ) | |

**NOTICE OF MOTION**

**To: Attached Service List**

PLEASE TAKE NOTICE: that on July 29, 2015 at 10:00 am, or a soon thereafter as Counsel may be heard I shall appear the Honorable Judge Benjamin A. Goldgar at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Court Room 642 and shall there and then present, **MOTION OF REORGANIZED DEBTOR FOR ENTRY OF FINAL DECREE**, a copy of which is attached to this Notice and hereby served upon you.

/s/     O. Allan Fridman

**CERTIFICATE OF SERVICE**

I, O. Allan Fridman, hereby certify that I caused a copy of the following documents that to be served upon the following service list by email on March 30, 2015. A separate notice of hearing and amounts requested by the applicants was mailed by separate notice on March 30, 2015

Ferguson Industries, Inc.
By:       /s/ O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
847-412-0788 allanfridman@gmail.com

1

## ADDRESS LIST

By ECF Filing

Patrick S Layng,
Office of the U.S. Trustee
Region 11
219 S Dearborn St
Room 873
Chicago, Illinois 60604
USTPRegion11.MD.ECF@usdoj.gov

Scalambrino & Arnoff, LLP
One North LaSalle Street, Suite 1600
Chicago, Illinois 60602
clm@sacounsel.com

Roman Sukley
Trial Attorney
Office of the United States Trustee
Chicago Regional Council of Carpenters    219 S. Dearborn St., Room 873
Benefit Funds                             Chicago, IL  60603
C/O Christopher L. Muniz

### By MAIL

Gary Ferguson                Illinois Dept of
16762 Steeplechase Parkway   Employment Securities
Orland Park, Il 60467        33 South State Street
                             Chicago, IL 60603
Illinois Department of
Revenue
 Bankruptcy Section          Goodsmith Gregg Unruh
P.O. Box 64338               150 S  Wacker Dr
Chicago, IL 60664-0338       3150                    Social Security
                             Chicago IL 60606        Administration,
Internal Revenue Service                             200 West Adams, Street,
PO Box 7317                  Hartford Insurance       30th Floor,
Philadelphia, PA 19101-      PO box 2024             Chicago, Illinois 60606-
7317                         Hartford Ct 06145-2024  8920.
                             866-829-0250

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE, | ) | |
| | ) | No. 13-07601 |
| Ferguson Industries, Inc. | ) | |
| | ) | |
| Debtor. | ) | Hon. Judge Benjamin A. Goldgar |
| | ) | Chapter 11 |
| | ) | |

**MOTION OF REORGANIZED DEBTOR
FOR ENTRY OF FINAL DECREE**

Ferguson Industries, Inc. (the "Debtor") respectfully seeks the entry of a final decree

closing his chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a) and 350(a) of

title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules

of Bankruptcy Procedure for the United States Bankruptcy Court for the Northern District of

Illinois (the "Local Rules"). In support of this motion (the "Motion"), the Debtor respectfully

represents as follows:

1.      On February 27, 2013, (the "Petition Date"), the Debtor filed a voluntary

petition in this Court for reorganization relief under chapter 11 of title 11 of the United States

Code, 11 U.S.C. §§ 101 et seq.

2.      On September 10, 2015 the court entered its Order Approving the Amended

Disclosure Statement for Debtor's Amended Plan of Reorganization [Docket No. 85] (the

"Confirmation Order").

**RELIEF REQUESTED**

3.      Section 350(a) of the Bankruptcy Code states that "[a]fter an estate is fully

administered and the court has discharged the trustee, the court shall close the case." 11

U.S.C. §350(a). Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements,

providing similarly that, "[a]fter an estate is fully administered in a chapter 11 reorganization

case, the court, on its own motion or on motion of a party in interest, shall enter a final decree

closing the case." Fed. R. Bankr. P. 3022.

4.      Because the Debtor's estate is fully administered, the Debtor requests entry of a

final decree closing the Chapter 11 Case.

**BASIS FOR RELIEF**

5.      The term "fully administered" is not defined in the Bankruptcy Code or the

Bankruptcy Rules, but the Advisory Committee Note to Bankruptcy Rule 3022 sets forth a

nonexclusive list of factors to be considered to determine whether a case has been fully

administered, including whether:

   a) the order confirming the plan has become final;
   b) deposits required by the plan have been distributed;
   c) the property proposed by the plan to be transferred has been transferred;
   d) the debtor or the successor to the debtor under the plan has assumed the
   business or the management of the property dealt with by the plan;
   e) payments under the plan have commenced; and
   f) all motions, contested matters, and adversary proceedings have been
      finally resolved.

6.      Various courts have viewed these factors as a guide for determining whether a

case should be closed. See, e.g., *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220,

223- 24 (Bankr. W.D.NY 1997) (closing case upon finding that case had been fully

administered according to Advisory Committee Note factors); *In re Jay Bee Enters.*, Inc., 207

B.R. 536, 538- 39 (Bankr. E.D. Ky. 1997) (same). See *In re Jr. Food Mart of Ark., Inc.*, 201

B.R. 522, 524, 526 (Bankr. E.D. Ark. 1996) (closing case so "that no further [section

1930(a)(6)] fees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to

close this case to stop the financial drain on the debtor" on account of the continuing accrual

of section 1930(a)(6) fees and also noting that there is "no provision of law that prevents closing

a chapter 11 case before payment of the [section 1930(a)(6)] fees in question").

7.      Bankruptcy courts have also held that a bankruptcy estate is "fully

administered" when the Plan has been substantially consummated as defined by section 1101(2)

of the Bankruptcy Code. See In *re BankEast* Corp., 132 B.R. 665, 668 n.3 (Bankr. D.N.H.

1991). To determine whether a bankruptcy estate is substantially consummated for the

purposes of entering a final decree, a court may apply the requirements established by 11

U.S.C. § 1101(2) to the case sought to be closed. See Walnut Assocs., 164 B.R. at 492. Section

1101(2) defines substantial consummation as follows:

> (a) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of management of all or substantially all of the property dealt with by the plan; and
> (c) commencement of distributions under the plan.

11 U.S.C. § 1101(2); see also *In re JMP-Newcor Int'l, Inc*., 225 B.R. 462, 465 (Bankr. N.D.

Ill. 1998) (holding that case was "fully administered" notwithstanding fact that certain

disbursements remained to be made); *In re Mold Makers, Inc*., 124 B.R. 766, 768-69 (Bankr.

N.D. Ill. 1990) (same); *In re Jordan Mfg. Co., Inc*., 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992)

(holding that a court should not delay entry of final decree simply because all payments under

the plan have yet to be made).

8.      Local Rule 3022-1 requires that the party moving to close the case shall state with

the notice or motion the actual status of payments due to each class under the confirmed plan.

To that end, the distributions contemplated by or described in the Plan have been completed as

follows:

| Class | Treatment | Status of Payments/ Dates of Distribution |
|---|---|---|
| Class 1 Administrative Claim | Impaired | Payments will be made according to plan and agreed terms. US Trustee fee to be paid in full |
| Class 2.  Allowed Priority Claim | Impaired | Monthly Payment made pursuant to terms described in the plan |
| Class 3 | Impaired | Payments Began in December of 2014 |
| Class 4 | Impaired | Payments Began in December of 2014 |
| Class 5. Unsecured | Impaired | Payments Began in December of 2014 |

9.      In this case, the Confirmation Order has become a final order. The initial payment

sto the creditors have been made. All claims objections have been resolved. Accordingly, the

estate of the Debtor has been "fully administered," and the Chapter 11 Case should be closed, as

provided by the express language of section 350(a) of the Bankruptcy Code.

**NOTICE**

10.      Notice of this Motion, has been given to (a) the Office of the United States

Trustee for the Northern District of Illinois, (c) all creditors. In light of the nature of the relief

requested herein, the Debtor submits that no further notice of the Motion is necessary or

required.

11.      No previous request for the relief requested herein has been made to this or

any other court.

WHEREFORE, the Debtor respectfully requests that this Court (a) enter a final decree, substantially in the form attached hereto, closing the Chapter 11 Case; and (b) grant such other and further relief as is necessary and proper.

Respectfully Submitted,

Ferguson Industries, Inc.

By:/s/ O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
847-412-0788
6274954